UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>GOLDEN 1 CREDIT UNION,<br><br>        Defendant. | No.  2:21-cv-02394-MCE-DB<br><br>**ORDER** |

Presently before the Court is Plaintiff Claudia Gonzalez's ("Plaintiff") Notice of Voluntary Dismissal in which she seeks to voluntarily dismiss her federal causes of action, but not her state law causes of action, so the case can be "remanded to state court for further proceedings on account of the current backlog in the Eastern District[.]" See ECF No. 25 (citing Fed. R. Civ. P. 41(a)(1)).  Defendant Golden 1 Credit Union ("Defendant") has filed an Objection.  ECF No. 27.  For the reasons set forth herein, Defendant's Objection is SUSTAINED.

Federal Rule of Civil Procedure 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  Here, none of these provisions are

///

1

applicable because there is no stipulation between the parties and Defendant filed an Answer to Plaintiff's First Amended Complaint on November 22, 2021.  See ECF No. 16.

The Court also finds dismissal of the federal claims only at this juncture would be inappropriate even if Plaintiff sought a court order.  See Fed. R. Civ. P. 41(a)(2).  Plaintiff initiated this action in the Northern District of California on September 7, 2021, and pursuant to the parties' agreement, this action was transferred to the Eastern District of California on December 22, 2021.  See ECF Nos. 1, 20.  The case was then assigned to this Court and the Initial Pretrial Scheduling Order was issued; based on that Order, the deadlines to complete fact discovery (November 22, 2022) and disclose expert witnesses (January 20, 2023) have since passed.  ECF No. 22.  As Defendant says, "this matter has progressed too far in federal court for Plaintiff to dismiss her federal claims even with a court order."  ECF No. 27, at 2.  In any event, Plaintiff now wanting to have her case transferred to state court, especially after this case has been pending in federal court for over two years, is improper.  See Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found., No. 17-cv-00381-BLF, 2017 WL 2954647, at *3 (N.D. Cal. July 11, 2017) ("As an initial matter, this Court could not remand [plaintiff's] state law claim even if it were to dismiss [plaintiff's federal] claim, because this action was originally filed in federal court.") (citing 28 U.S.C. § 1447).  Plaintiff chose to file her case in federal court and agreed to transfer venue to this District.  Furthermore, no dispositive motions have been filed and the current deadline to do so is May 22, 2023.  Plaintiff cannot claim to be prejudiced by this District's backlog if there are no outstanding motions or actions pending before the Court.  In fact, Plaintiff's Notice of Voluntary Dismissal is the first filing on the docket since the case was transferred to this District back in December 2021.

///

///

///

///

Accordingly, Defendant's Objection to Plaintiff's Notice of Voluntary Dismissal, ECF No. 27, is SUSTAINED.  The Court will not dismiss Plaintiff's federal causes of action and remands this case back to state court.

IT IS SO ORDERED.

Dated:  March 8, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE